# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Spencer Curtis Mairs, | Case No. 25-CV-3153 (ECT/EMB) |
| Petitioner, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| B. Eischen, Warden, | |
| Respondent. | |

Before the Court is Petitioner Spencer Curtis Mairs's Motion to Award First Step Act Credits (Dkt. No. 1), which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. That petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

After review of the petition, this Court concludes that Mr. Mairs is not entitled to relief. Accordingly, his habeas petition should be denied, and this action dismissed.

---

[1] Although Mr. Mairs's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may still be applied to his sentence. *See* Rule 1(b).

1

I.    **Background**

In 2021, Mr. Mairs was indicted in the United States District Court for the District of North Dakota on one count of "distribut[ing] a mixture and substance containing detectable amounts of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, the use of which resulted in serious bodily injury," in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C). *See United States v. Mairs*, No. 3:21-CR-0126 (PDW), Indictment at 1 [ECF No. 2] (D.N.D. June 16, 2021).

Mr. Mairs pleaded guilty to that offense. As part of his plea agreement, Mr. Mairs admitted: (1) he knowingly and intentionally distributed a substance containing heroin and fentanyl, (2) the use of that substance resulted in serious bodily injury, and (3) he was subject to a 20-year mandatory minimum sentence pursuant to § 841(b)(1)(C) because his crime resulted in serious bodily injury. *See id.*, Plea Agreement ¶¶ 6–7 [ECF No. 26] (D.N.D. Mar. 3, 2022).

After sentencing, the court entered judgment in Mr. Mairs's criminal case. The judgment confirms Mr. Mairs was convicted under §§ 841(a)(1) and (b)(1)(C), and that the nature of his offense was "Distribution of Controlled Substances Resulting in Serious Bodily Injury." *Id.*, Sentencing Judgment at 1 [ECF No. 43] at 1 (D.N.D. July 19, 2022).

## II.  Legal Standard

Under the First Step Act of 2018 ("FSA"), most federal prisoners can earn time credits towards their sentence by completing recidivism-reduction programming or productive activities while in the custody of the Federal Bureau of Prisons ("BOP").  *See* 18 U.S.C. § 3632(d)(4).

But the FSA expressly excludes certain prisoners from earning FSA credits.  Specifically, prisoners who are "serving a sentence for a conviction" under sixty-eight specific "provisions of law" are "ineligible to receive time credits."  *Id.* § 3632(d)(4)(D).   One of those provisions is 18 U.S.C. § 3632(d)(4)(D)(lviii), which deems any prisoner convicted of a controlled-substance offense under § 841(b)(1)(A), (B), or (C) "for which death or serious bodily injury resulted from the use of such substance" ineligible to earn FSA credits.

## III.  Analysis

The BOP previously concluded Mr. Mairs is ineligible to receive FSA time credits because he was convicted under § 841(b)(1)(C).  (*See* Dkt. No. 1-1.)  After that, Mr. Mairs filed the instant petition for a writ of habeas corpus, arguing the BOP misapplied the FSA by deeming him ineligible for time credits.  He offers three reasons why he is eligible for FSA time credits, none of which are persuasive.

First, Mr. Mairs argues § 841(b)(1)(C)'s "'serious bodily injury enhancement' wasn't applied" to his conviction because the court did not have access to a toxicology report proving that the resulting injury was truly "serious" within the meaning of the statute. (Dkt. 1 at 7.)[2] But the absence of a toxicology report is irrelevant because Mr. Mairs knowingly, intelligently, and voluntarily *admitted* that serious bodily injury resulted from his offense. By entering into a plea agreement and admitting his guilt, Mr. Mairs waived his right to require the government to prove his guilt beyond a reasonable doubt through the presentation of evidence at trial. *See Mairs*, Plea Agreement ¶ 8. He also waived his right to appeal or collaterally attack his conviction or sentence, including his right "to argue that the admitted conduct does not fall within the scope of the statute(s)." *See id.* ¶ 21. Accordingly, Mr. Mairs cannot now litigate the factual question of whether his conduct did, in fact, result in "serious bodily injury" under § 841(b)(1)(C).[3]

Second, Mr. Mairs argues "the BOP should not be allowed to second-guess the Court and deny him FTCs as if he had been charged with" an enhancement under § 841(b)(1)(C). (Dkt. 1 at 10.) He cites several cases in support of this proposition, including *Lallave v. Martinez*, 635 F. Supp.

---

[2] Citations to Mr. Mairs's briefing reference the CM/ECF pagination.

[3] In any event, the instant petition is not the appropriate procedural vehicle for Mr. Mairs to raise such a challenge. *See* 28 U.S.C. § 2255(e).

4

3d 173 (E.D.N.Y. 2022) and *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025). In those cases, the BOP made a factual determination that the prisoner's offenses ultimately resulted in serious bodily injury, even though neither prisoner had been convicted of distribution of a controlled substance *resulting in serious bodily injury*. Both the *Lallave* and *Valladares* courts rejected this approach and concluded that a prisoner's eligibility for time credits under § 3632(d)(4)(D) depends on the specific offense for which he was convicted, not upon what factual information the BOP might discover outside the charging documents. *See Valladares*, 130 F.4th at 83 ("[I]neligibility under (lviii) is limited only to those convicted of the death-resulting enhancement element. BOP may not look to other uncharged facts."); *Lallave*, 635 F. Supp. at 188 ("[S]ection 3632(d)(4)(D)(lviii) should not be broadly interpreted to refer to conduct related to a conviction under 21 U.S.C. § 841(b)(1)(C) and should instead be limited to the conviction itself.").

Unlike the petitioners in *Lallave* and *Valladares*, Mr. Mairs was charged with and pleaded guilty to distributing a controlled substance that resulted in serious bodily injury. Mr. Mairs is asking the BOP to overlook the indictment, plea agreement, and judgment, and to instead conduct a factual investigation into whether his conduct *in fact* resulted in serious bodily injury. But this independent factual excursion is precisely what the *Lallave* and *Valladares* courts prohibited the BOP from doing, and the Court will not

5

do so here. What matters for purposes of § 3632(d)(4)(D) are the charging documents. *See Plain v. Eischen*, 25-CV-3154 (LMP/DTS), 2025 WL 2884999, at *3 (D. Minn. Oct. 10, 2025) (upholding denial of similar § 2241 petition because "the criminal case documents [] make perfectly clear that [petitioner] was convicted of and sentenced for a [disqualifying] violation").

Mr. Mairs relies on another case pending within this district for a similar proposition, arguing that both men are entitled to FSA credits. (Dkt. No. 1 at 13 (citing *Stevenson v. Eischen*, Case No. 25-cv-1308-ECT/EMB).) The undersigned has reviewed the indictment, jury instructions, verdict, and judgment in Mr. Stevenson's underlying criminal case. *See United States v. Stevenson*, Case No. 2:18-cr-01023-CJW-MAR-1 [ECF Nos. 2, 70, 77, 116] (N.D. Iowa). Unlike here, nothing in those documents suggests Mr. Stevenson was specifically charged with or convicted of a disqualifying offense, regardless of the factual underpinnings of his case. Accordingly, Mr. Stevenson's case does nothing to move the needle on Mr. Mairs's eligibility.

Third, Mr. Mairs points out that the serious-bodily-injury enhancement of § 841(b)(1)(C) carries with it a mandatory minimum sentence of 20 years' imprisonment, but he was sentenced to only a 10-year term of imprisonment for his offense. Therefore, Mr. Mairs argues, the serious-bodily-injury enhancement could not have applied to his case. But "mandatory" minimums are often subject to exceptions that permit a sentencing court to impose a

term of imprisonment below the nominal minimum. *See, e.g.*, 18 U.S.C. § 3553(f); 18 U.S.C. § 994(n). This Court has confirmed from the records in the underlying criminal case that such an exception was applied at the time of Mr. Mairs's sentencing. As set forth in the indictment, the plea agreement, and the sentencing judgment, the serious-bodily-injury enhancement applied in Mr. Mairs's case.

Because Mr. Mairs is plainly barred from earning and applying FSA time credits by § 3632(d)(4)(D)(lviii), his habeas petition should be denied, and this case should be dismissed.

As a final matter, Mr. Mairs filed a Motion to Appoint Counsel (Dkt. No. 7.) District courts may appoint counsel to a prisoner seeking habeas relief if the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). If a claim is "frivolous or clearly without merit," however, "the district court should dismiss the case on the merits without appointing counsel." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). And even where a petition contains nonfrivolous claims, the court should only appoint counsel after considering "the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Id.*

7

Because Mr. Mairs's claims lack merit, as detailed above, the Court declines to appoint counsel. In any event, the factors set out in *Abdullah* weigh against the appointment of counsel. This case is neither factually nor legally complex. And Mr. Mairs was clearly able to investigate and present his claim: his 18-page petition cites appropriate caselaw and statutes and includes relevant attachments from the BOP. The interests of justice do not require the appointment of counsel, so the Motion to Appoint Counsel (Dkt. No. 7) is DENIED.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Spencer Curtis Mairs (Dkt. No. 1) be DENIED.
2. This matter be DISMISSED.

## ORDER

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Motion to Appoint Counsel (Dkt. No. 7) is DENIED.

Dated: December                             *s/Elsa M. Bullard*
                                                                Elsa M. Bullard
                                                                United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).